|   |   |
|---|---|
| 1 | MDR |
| 2 | **WO** |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Daniel R. Granillo,  )   No. CV 09-2667-PHX-DGC (DKD)
          )
      Plaintiff,  )
          )
vs.         )   **ORDER TO SHOW CAUSE**
          )
Corrections Corporation of America, et al.,)
          )
      Defendants.  )
          )

On December 22, 2009, Plaintiff Daniel R. Granillo, who is confined in the Corrections Corporation of America's Saguaro Correctional Center in Eloy, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a January 12, 2010 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to pay the fee or file a complete Application to Proceed *In Forma Pauperis*.

On January 21, 2010, Plaintiff filed an "'Emergency' Protection Order TRO/PI to Order Defendants to Stop Destruction of All 'PLTF' Legal Material 24 Boxes, to Provide Day to Day Access to all PLTF Legal Material to Prevent/Stop PLTF from Being Housed in 'G/P' Free from Further Punishment; to Issue 'PLTF' all his Legal/Priviledged Mail from this Court All Other U.S. Court, State, City, Govt. Official HI Ombusdsman Ofc.; HOPS Order to Appt. PLTF Counsel and Immediate In Count Spears Hearing" (Doc. #6). On February 2, 2010, he filed a second Application to Proceed *In Forma Pauperis* (Doc. #7).

**JDDL**

On February 5, 2010. Plaintiff filed a Letter (Doc. #5) addressed to the Clerk of Court and lodged a proposed "order to show cause and temporary restraining order."

**I.      "Three Strikes Provision" of 28 U.S.C. § 1915(g).**

A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's *IFP* status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120.

The Complaint instructs Plaintiff to describe prior lawsuits he filed while a prisoner. Plaintiff described three prior lawsuits filed in the Pinal County Superior Court. Plaintiff neglected to mention the 18 prior lawsuits he filed in the United States District Courts. Moreover, in his second Application to Proceed *In Forma Pauperis*, Plaintiff was required to answer the question: "were any of the actions or appeals dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted?" Plaintiff responded "No." It appears, however, that at least three of Plaintiff's prior lawsuits qualify as "strikes" under § 1915(g):

(1)    In Daniel R. Granillo v. Corrections Corporation of America, 99-CV-2227-BBD, United States District Court Judge Bernice B. Donald in the United States District Court for the Western District of Tennessee issued an April 27, 1999 Order (Doc. #4) stating that "all of plaintiff's claims lack an arguable basis either in law or in fact and are, therefore, DISMISSED as

| | | |
|---|---|---|
| | | frivolous. . . . As the complaint is frivolous, it is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)." The Court specifically noted that, "[f]or analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this is the first dismissal in this district of one of his cases as frivolous." |
| | (2) | In <u>Daniel R. Granillo v. Corrections Corporation of America</u>, 00-CV-2161-BBD, United States District Court Judge Bernice B. Donald in the United States District Court for the Western District of Tennessee issued an April 4, 2000 Order (Doc. #3) stating that, "[a]s the entire complaint is frivolous, it is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)." The Court specifically noted that, "[f]or analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this is the second dismissal in this district of one of his cases as frivolous." |
| | (3) | In <u>Daniel R. Granillo v. Corrections Corporation of America</u>, 06-CV-159-NBB (EMB), Senior United States District Court Judge Neal B. Biggers in the United States District Court for the Northern District of Mississippi issued a March 14, 2007 Order (Doc. #10) dismissing with prejudice Plaintiff's prisoner complaint. The complaint was dismissed because Plaintiff failed to state a claim – the Court dismissed Plaintiff's claim for damages because he had not alleged any physical injury and dismissed as moot his claim for injunctive relief. |

## II.    Imminent Danger

A plaintiff who has three or more strikes, may not bring a civil action without complete prepayment of the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To meet the "imminent danger" requirement, the "threat or prison condition [must be] real and proximate," <u>Ciarpaglini v. Saini</u>, 352 F.3d 328, 330 (7th Cir. 2003) (quoting <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be "specific or credible." <u>Kinnell v. Graves</u>, 265 F.3d 1125, 1128 (10th Cir. 2001).

It is difficult to ascertain whether any of Plaintiff's allegations are credible. In addition to the fact that Plaintiff has misled the Court regarding his litigation history, it also appears that Plaintiff has misled the Court regarding his protective custody history. In Count Two of his Complaint, Plaintiff alleges that he "is over 10 [ten] years protective custody at CCA Inc. from 1998 to 8-25-09." However, Judge Donald stated in her dismissal order in 99-CV-2227 that Plaintiff alleged that he had arrived at the Western Tennessee Detention Facility (WTDF) on November 11, 1998, and had requested protective custody; was

1  transferred to another institution on November 17, 1999, because the WTDF did not have
2  protective custody; but was subsequently transferred back to the WTDF on January 6, 1999,
3  and was housed in disciplinary segregation because the WTDF did not have protective
4  custody. Judge Donald stated in her dismissal order in 00-CV-2161 that Plaintiff had alleged
5  in his complaint that he was being retaliated against for his "continued quest for the creation
6  of and his placement in a protective custody unit."

Even if the Plaintiff is being truthful, it does not appear that he faces imminent danger. In Count Three, Plaintiff claims that he "belongs to a class of protective custody ["P/C"] prisoner [I/M] that face a substantially excessive higher risk of assault by other [I/Ms] in General Population [G/P] and known [G/P] gang members as such [PLTF] has been in Defendants ["P/C"] pod status during the past 10 [ten] years." (Brackets in original.) Plaintiff claims that he has been "stripped of all of his protective custody status" and that Defendant Griego informed Plaintiff that the inmates Plaintiff had identified as Plaintiff's "enemies and gang members are in fact at [SCC/CCA]." (Brackets in original.) Plaintiff asserts that several Defendants conspired to "deliberately ignore the excessively higher risk of assaults [PLTF] faces in [G/P]" and to "force [PLTF] off [P/C] housing status," and to "set [PLTF] up to be viciously assaulted up to including [("PLTF") death] in [SCC/CCA] [G/P]." (Brackets in original.) In Count Two, Plaintiff alleges that he is being housed in a "make shift 'torture' strip suicide cell." Based on Plaintiff's vague and conclusory allegations, it does not appear that he is any *imminent* danger; Plaintiff appears to be housed in some sort of isolation cell and is not in any imminent danger of being placed in the general population.

**III.   Order to Show Cause**

"[O]nce a prisoner has been placed on notice of the potential disqualification under § 1915(g) . . . , the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude *IFP* status." Andrews, 398 F.3d at 1120. This Order serves as notice of Plaintiff's potential disqualification under § 1915(g). The Court will permit Plaintiff an opportunity to show cause in writing why the dismissals of his prior lawsuits do not preclude his *in forma pauperis* status under § 1915(g). Plaintiff's response to this Order **shall be**

1 **limited to this issue** and must be filed within **30 days** of the date this Order is filed.
2 Alternatively, Plaintiff may submit the $350.00 filing fee within **30 days** of the date this
3 Order is filed.

4     If Plaintiff fails to timely respond to this Order or fails to persuade the Court that
5 § 1915(g) does not preclude his *in forma pauperis* status, Plaintiff's Application to Proceed
6 will be denied, and the Complaint and this action will be dismissed without prejudice
7 pursuant to § 1915(g). If Plaintiff wishes to reassert these claims in the future, he must
8 prepay the entire $350.00 filing fee when he files his action.

9 **IV. Plaintiff's Letter**

10     First, it is improper for a party to communicate directly with court personnel. Simply
11 mailing a letter to the Clerk of Court, the judge, or any court personnel is unacceptable. Any
12 request for action by the Court must be in the form of a motion that is in the format required
13 by the Rules of Practice of the United States District Court for the District of Arizona (the
14 Local Rules). **Any future letters directed to the Clerk of Court, the judge, or any court**
15 **personnel will not be filed, will be stricken from the record, and will be returned to**
16 **Plaintiff**.

17     Second, in addressing Plaintiff's Letter, the Court, in its discretion, will grant
18 Plaintiff's request for acknowledgment of the receipt of documents he has filed. This Order
19 indicates which documents the Court has received. In all other respects, Plaintiff's requests
20 in the letter are denied.

21 **V. Warnings**

22     **A. Address Changes**

23     Plaintiff must file and serve a notice of a change of address in accordance with Rule
24 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other
25 relief with a notice of change of address. Failure to comply may result in dismissal of this
26 action.

27 . . . .

28

**B. Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, within **30 days** of the date this Order is filed, why the dismissals of his prior lawsuits does not preclude his *in forma pauperis* status under § 1915(g). **Plaintiff's written response shall be limited to this issue only**.

(2) If Plaintiff fails to either pay the $350.00 filing fee **or** file a response to this Order to Show Cause within **30 days** of the date this Order is filed, the Clerk of Court must enter a judgment of dismissal of this action without further notice to Plaintiff and without prejudice to Plaintiff filing a complaint in a new case accompanied by prepayment of the full $350.00 filing fee.

(3) Plaintiff's Letter (Doc. #9) is **granted in part** to the extent this Order indicates the documents that the Court has received. In all other respects, the Letter is **denied**.

DATED this 17th day of February, 2010.

_____
David G. Campbell
United States District Judge