WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel R. Granillo, | No. CV 09-2667-PHX-DGC (DKD) |
| Plaintiff, | |
| vs. | **ORDER** |
| Corrections Corporation of America, et al., | |
| Defendants. | |

On December 22, 2009, Plaintiff Daniel R. Granillo, who is confined in the Corrections Corporation of America's Saguaro Correctional Center in Eloy, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) and an Application to Proceed *In Forma Pauperis*. In a January 12, 2010 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to pay the fee or file a complete Application to Proceed *In Forma Pauperis*.

On January 21, 2010, Plaintiff filed an "'Emergency' Protection Order TRO/PI to Order Defendants to Stop Destruction of All 'PLTF' Legal Material 24 Boxes, to Provide Day to Day Access to all PLTF Legal Material to Prevent/Stop PLTF from Being Housed in 'G/P' Free from Further Punishment; to Issue 'PLTF' all his Legal/Privileged Mail from this Court All Other U.S. Court, State, City, Govt. Official HI Ombudsman Ofc.; HOPS Order to Appt. PLTF Counsel and Immediate In Court Spears Hearing" (Doc. #6). On February 2, 2010, he filed a second Application to Proceed *In Forma Pauperis* (Doc. #7).

On February 5, 2010. Plaintiff filed a Letter addressed to the Clerk of Court and lodged a proposed "order to show cause and temporary restraining order."

In a February 18, 2010 Order, the Court noted that Plaintiff had neglected to mention the 18 prior lawsuits he had filed in the United States District Courts. The Court stated that it appeared Plaintiff had at least "three strikes" under 28 U.S.C. § 1915(g) and detailed three cases where Plaintiff's complaint had been dismissed as frivolous or for failure to state a claim: (1) <u>Granillo v. Corrections Corporation of America</u>, 99-CV-2227-BBD (W.D. Tenn. April 27, 1999 Order dismissing complaint as frivolous); (2) <u>Granillo v. Corrections Corporation of America</u>, 00-CV-2161-BBD (W.D. Tenn. April 4, 2000 Order dismissing complaint as frivolous); and (3) <u>Granillo v. Corrections Corporation of America</u>, 06-CV-159-NBB (EMB) (N.D. Miss. March 14, 2007 Order dismissing complaint with prejudice for failure to state a claim). The Court gave Plaintiff an opportunity to show cause in writing why the dismissals of his prior lawsuits did not preclude his *in forma pauperis* status under § 1915(g). The Court also stated that it appeared that Plaintiff was attempting to mislead the Court regarding his protective custody history, but that, even if Plaintiff was being truthful, it did not appear that he was facing imminent danger of serious physical injury.

On February 24, 2010, Plaintiff filed a Supplement to his "TRO/PI." On March 5, 2010, Plaintiff submitted a Letter (Doc. #12), addressed to the undersigned and the Clerk of Court, seeking an extension of time to comply with the Order to Show Cause. On March 10, 2010, Plaintiff filed a "Request for Exten[s]ion of Time to Reply to Court Order to Show Cause Decl. of D.R. Granillo and PLTF Reply" (Doc. #13). On March 10, 2010, Plaintiff filed another Letter (Doc. #14) addressed to the undersigned.

**I.     Letters**

As the Court clearly stated in its February 18th Order, it is improper for a party to communicate directly with court personnel. Simply mailing a letter to the Clerk of Court, the judge, or any court personnel is unacceptable. Any request for action by the Court must be in the form of a motion that is in the format required by the Rules of Practice of the United States District Court for the District of Arizona (the Local Rules). The Court specifically

1 warned Plaintiff in the February 18th Order that "**[a]ny future letters directed to the Clerk**
2 **of Court, the judge, or any court personnel will not be filed, will be stricken from the**
3 **record, and will be returned to Plaintiff**." (emphasis in original).

4 In Plaintiff's March 5th Letter (Doc. #12), Plaintiff seeks a 45-day extension of time
5 to comply with the Court's Order to Show Cause. The Court will take no action on that
6 Letter because Plaintiff actually filed a motion five days later seeking the same relief. The
7 Court will also take no action on Plaintiff's March 10th Letter (Doc. #14). In that Letter,
8 which is difficult to decipher, Plaintiff does not appear to be seeking any specific relief other
9 than a "stamped filed copy returned" and "help." He seems to make allegations about daily
10 retaliatory cell searches and confiscation of his writing instruments, other than pencils and
11 the substandard writing instrument he used to draft the letter. If Plaintiff seeks assistance
12 from the Court, he must seek specific relief and must do so in a motion.

**II. March 10th Motion**

14 In his March 10th Motion, Plaintiff seeks a 30-day extension to time to respond to the
15 Court's Order to Show Cause. However, Plaintiff includes with his Motion an 18-page
16 Declaration that addresses the Order to Show Cause. Thus, the Court, its discretion,
17 concludes that an extension of time is unnecessary. The Court will deny the Motion and will
18 consider the Declaration included with Plaintiff's March 10th Motion to be Plaintiff's
19 response to the Order to Show Cause.

**A. Strikes**

21 In his Motion/Declaration, Plaintiff challenges the trial courts' decisions in the three
22 cases that this Court has identified as strikes. Plaintiff argues that "none should have been
23 dismissed at all," he was not able to properly appeal, and the dismissals "should not be held
24 against me as they are the fruits of the poisonous tree ill-gotten-gain product of ['retaliatory'
25 'extraordinary hardship'] and substantial injustice." (Brackets in original.) He states that
26 "my past lawsuits are not frivolous as I will seek discovery from [CCA INC] to produce all
27 documents related to transfers, legal material, my protective custody." (Brackets in original.)

The Court will not relitigate the dismissed cases. The Court has reviewed Plaintiff's Motion/Declaration and concludes that Plaintiff has failed to meet his burden of demonstrating that the three cases identified by the Court do not constitute strikes for purposes of § 1915(g). See Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005) ("[O]nce a prisoner has been placed on notice of the potential disqualification under § 1915(g) . . . , the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude *IFP* status.").

### B. Imminent Danger of Serious Physical Injury

A plaintiff who has three or more strikes may not bring a civil action without complete prepayment of the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To meet the "imminent danger" requirement, the "threat or prison condition [must be] real and proximate," Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (quoting Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be "specific or credible," Kinnell v. Graves, 265 F.3d 1125, 1128 (10th Cir. 2001).

As the Court stated in its February 18th Order, even if Plaintiff was being truthful in his Complaint, it does not appear that he is facing an imminent danger. Counts One, Five, and Six relate to Plaintiff's legal mail, the purchase of legal books, and a denial of access to the courts. The Court finds no allegation of imminent harm in those three claims.

In Count Two, Plaintiff alleges that he has been stripped of his legal property, transferred to the Saguaro Correction Center, and placed in a "make shift 'torture' strip suicide cell," and that Defendant Thomas informed Plaintiff that he would be staying in the cell until "the rest of your hair turns gray." In Count Three, Plaintiff claims that he "belongs to a class of protective custody ['P/C'] prisoner [I/M] that face a substantially excessive higher risk of assault by other [I/Ms] in General Population [G/P] and known [G/P] gang members as such [PLTF] has been in Defendants ['P/C'] pod status during the past 10 [ten] years." (Brackets in original.) Plaintiff claims that he has been "stripped of all of his protective custody status" and that Defendant Griego informed Plaintiff that the inmates Plaintiff had identified as Plaintiff's "enemies and gang members are in fact at [SCC/CCA]"

and demanded that Plaintiff "forego his ['P/C'] and get rid of all 24 boxes of legal material and go to ['G/P']." (Brackets in original.) Plaintiff asserts that several Defendants conspired to "deliberately ignore the excessively higher risk of assaults [PLTF] faces in [G/P]" and to "force [PLTF] off [P/C] housing status," and to "set [PLTF] up to be viciously assaulted up to including [('PLTF') death] in [SCC/CCA] [G/P]." (Brackets in original.) In Count Four, Plaintiff alleges a "Monel (sic) doctrine failures to hire train supervise discipline retain control," alleging that Defendants Corrections Corporation of America and the City of Eloy "fostered, encouraged an atmosphere of lawlessness anarchy, repression repetitive policies, customs, practices of abusive and retaliatory behavior, actionable conduct toward [I/Ms] [PLTF]." (Brackets in original.)

Based on Plaintiff's vague and conclusory allegations, it does not appear that he is in imminent danger. Plaintiff appears to be housed in some sort of isolation cell and is not in any imminent danger of being placed into the general population. Indeed, the Court notes that Plaintiff's allegations of injury in Counts Two, Three, and Four do not support an allegation that he is facing imminent danger. In Count Two, Plaintiff asserts as injury:

> As retaliation I am subject to atypical & significant hardship and dramatic departure from the ordinary incidents of private for profit prison life that mark the progress of a maturing for profit prison society that transcends the broad idealistic standards of decency as retaliation transfer for [PLTF] legal pursuit missed court filing deadlines dimished (sic) quality of prison life. <u>Did to deter obstruct court access to freely enforce PLTF's rights!!</u>

(Brackets and emphasis in original.) In Count Three, Plaintiff asserts as injury:

> [A] Loss of "P/C" housing treatment "P/C" programs w/pay, job, property legal and personal, equal protection; of the laws (B) loss of life's basic daily necessity for protection safety, 8th Amend. Const Protection [C] suffer diminished quality of life an atypical and significant hardship and a dramatic departure from the ordinary incidences of private-for-profit prison life that transgress the contemporary standards of humanity decency that marks the progress of a maturing prison for profit society and a chilling effect on Plaintiff 1st Amend. rights.

(Brackets in original.) In Count Four, Plaintiff asserts as injury:

> (A) Loss life basic safety "P/C" needs treatment, equal access protection of laws (B) missed court filing deadline deadlines loss of 24 boxes of legal material personal property w/no access (C) loss disciplinary due process (D) censorship of incoming

> outgoing legal mail (E) denial of all incoming legal mail (F) loss free speech (G) subject to an atypical significant hardship a dramatic departure from the ordinary incidents of private for profit prison life (H) punished for freedom of speech expression for court access through grievance process, petition govt for redress is grievance!

Plaintiff also attempts to make claims of imminent danger in his March 10th Motion/Declaration. Plaintiff's allegation that he is issued disciplinary reports for refusing to move into the general population contradicts, rather than supports, a claim of imminent danger. It appears that Plaintiff is not in danger of being placed into the general population at all.

To the extent the Court can decipher the remainder of Plaintiff's allegations, it appears he is asserting a new issue—that he is facing dangers in his isolation unit. In this regard, Plaintiff has gone far afield of the allegations in his Complaint, where he asserted atypical and significant hardships in the isolation unit and possible danger if he was transferred into the general population. See Andrews, 493 F.3d at 1053, 1055 ("[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time.; "[T]he exception applies if *the complaint* makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.") (emphasis added).

The Court concludes that Plaintiff's allegations in his Complaint do not satisfy the requirement that he faced in imminent danger of serious physical injury when he filed his Complaint. Thus, the Court will deny Plaintiff's Application to Proceed *In Forma Pauperis* and will dismiss without prejudice Plaintiff's Complaint and this action, pursuant to 28 U.S.C. § 1915(g).

If Plaintiff wishes to reassert these claims in the future, he must file a new action and *prepay* the **entire** $350.00 filing fee. Alternatively, he may file a new action and seek leave to proceed *in forma pauperis* but must clearly and cogently demonstrate that he is facing imminent danger of serious physical injury at the time he files the complaint.

. . . .

**IT IS ORDERED:**

(1) The Court will take **no action** on Plaintiff's March 5th and March 10th Letters (Docs. #12 and #14).

(2) Plaintiff's March 10, 2010 Motion (Doc. #13) for an extension of time to respond to the Court's Order to Show Cause is **denied**. The Court will **construe** the Motion and the attached Declaration as Plaintiff's response to the Order to Show Cause.

(3) Plaintiff's February 2, 2010 Application to Proceed *In Forma Pauperis* (Doc. #7) is **denied**.

(4) Plaintiff's Complaint (Doc. #1) and this action are **dismissed without prejudice**, pursuant to 28 U.S.C. § 1915(g). If Plaintiff wishes to reassert these claims in the future, he must prepay the entire $350.00 filing fee when he files his action. Alternatively, he may file a new action and seek leave to proceed *in forma pauperis* but must clearly and cogently demonstrate that he is facing imminent danger of serious physical injury at the time he files his complaint.

(5) All pending motions are **denied as moot**.

(6) The Clerk of Court must enter judgment accordingly and close this case.

DATED this 24th day of March, 2010.

_____
David G. Campbell
United States District Judge