MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel R. Granillo, | No. CV 09-2667-PHX-DGC (DKD) |
| Plaintiff, | |
| vs. | **ORDER** |
| Corrections Corporation of America, et al., | |
| Defendants. | |

## I.   Background

In a February 18, 2010 Order, the Court detailed three cases where Plaintiff's complaint had been dismissed as frivolous or for failure to state a claim and gave Plaintiff an opportunity to show cause why the dismissals of his prior lawsuits did not preclude his *in forma pauperis* status under § 1915(g). In a March 24, 2010 Order, the Court concluded that (1) Plaintiff had failed to meet his burden of demonstrating that the three cases did not constitute strikes for purposes of § 1915(g), and (2) Plaintiff's allegations in his Complaint did not satisfy the requirement that he faced an imminent danger of serious physical injury when he filed his Complaint. Thus, the Court denied Plaintiff's Application to Proceed *In Forma Pauperis* and dismissed without prejudice Plaintiff's Complaint and this action, pursuant to 28 U.S.C. § 1915(g). The Court informed Plaintiff that, if he wished to reassert the claims in his Complaint in the future, he must file a new action and *prepay* the entire $350.00 filing fee. Alternatively, he could file a new action and seek leave to proceed *in forma pauperis*, but must clearly and cogently demonstrate that he is facing imminent danger

of serious physical injury at the time he files the complaint. The Clerk of Court entered Judgment on March 24, 2010.

## II.     Pending Motion

On October 8, 2010, Plaintiff filed a "Motion to Reinstate Case and Hear PLTF Motion for Protective Orders TRO/PI and Allow PLTF to Retain all Legal Materials at SCC/CCA and Stop Destruction of all PLTF's Needed Legal Material and Order U.S. Marshal Service Process on all Defendants" (Doc. 17). To the extent Plaintiff is seeking reconsideration of the Court's March 24, 2010 Order, his request is untimely under Local Rule of Civil Procedure 7.2(g)(2). Moreover, "[m]otions to reconsider are appropriate only in rare circumstances." Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" Defenders of Wildlife, 909 F. Supp. at 1351 (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). The Court has reviewed the March 24th Order and Plaintiff's Motion. The Court finds no basis to reconsider its decision.

In addition, this case is closed. Plaintiff was specifically instructed that he was required to file a new action if he wanted to reassert claims raised in his Complaint. He has failed to do so.

Finally, Plaintiff states that he believes his family has sent money for a filing fee to the Court. As of October 12, 2010, the Court has not received any filing fee for this case.

**IT IS ORDERED:**

(1)     Plaintiff's "Motion to Reinstate Case and Hear PLTF Motion for Protective Orders TRO/PI and Allow PLTF to Retain all Legal Materials at SCC/CCA and Stop Destruction of all PLTF's Needed Legal Material and Order U.S. Marshal Service Process on all Defendants" (Doc. 17) is **denied**.

(2)  This case must remain **closed**.

DATED this 15th day of October, 2010.

*David G. Campbell*
United States District Judge

- 3 -